**Shelly ADAMS, Plaintiff–Appellant,**

v.

**HONDA OF AMERICA MAN-UFACTURING, INC., Defendant–Appellee.**

No. 02–4244.

United States Court of Appeals, Sixth Circuit.

May 19, 2004.

Gary A. Reeve, Reeve & Watts, Worthington, OH, for Plaintiff–Appellant.

Mary Ellen Fairfield, Vorys, Sater, Seymour & Pease, Columbus, OH, for Defendant–Appellee.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge.

Shelly Adams appeals the district court's grant of summary judgment in favor of her former employer, Honda of America Manufacturing, Inc., on her claims under the Family and Medical Leave Act (FMLA) and Ohio's disability discrimination and wrongful discharge laws. Adams claims that Honda's failure to treat her April 2001 leave of absence as FMLA-sanctioned led to her wrongful termination. Because Adams failed to present evidence demonstrating a genuine issue of material fact as to whether Honda unlawfully discharged her, we affirm the district court's judgment.

I

Honda classifies an employee's absence from work as a "leave of absence"—either "approved" or "unapproved." Honda terminated Adams's employment for violating the company's leave-of-absence policy on numerous occasions. She sued for wrongful termination, claiming that the FMLA entitled her to Honda's approval of her April 2001 leave of absence due to the circumstances preceding that particular absence.

In early 2000, Adams's doctor diagnosed her with several medical conditions that caused her to take a leave of absence from Honda in December of that year. When she returned to work, Adams asked Honda to consider her leave of absence as FMLA leave, submitting a "Certification of Health Care Provider" form. The Certification provided specific treatment and diagnosis information regarding her December leave of absence and noted the potential for intermittent periods of incapacity during the upcoming four months—December 6, 2000 through April 6, 2001. Honda approved FMLA leave for Adams's December absence but did not address her potential need for FMLA leave in the future.

Adams then took numerous leaves of absence prior to her discharge in April 2001. The parties do not dispute that she made no contemporaneous requests to categorize any of these leaves as FMLA-protected. Adams's final leave of absence was from April 2 through 5, 2001. Upon returning to work, Adams asked Honda to approve her April absence as qualifying under the FMLA. Honda responded that, as of April 2001, Adams was not an "eligi-

ble employee" under the FMLA, denied her FMLA-qualified leave request, and terminated her for violating Honda's leave-of-absence policy.

## II

We review de novo the district court's grant of summary judgment. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). The FMLA entitles an eligible employee to twelve weeks of leave during any twelve-month period if the employee has a "serious health condition that makes [her] unable to perform the functions of the position...." 29 U.S.C. § 2612(a)(1)(D). An eligible employee is one the employer has employed for at least twelve months and who has worked at least 1,250 hours during the previous twelve months. 29 U.S.C. § 2611(2)(A)(i), (ii). When medically necessary, an employee may take "continuous" or "intermittent" leave for a serious health condition. 29 U.S.C. § 2612(b)(1). Continuous leave is leave taken as one continuous period of time. 29 C.F.R. § 825.203(c)(1). Intermittent leave is leave taken in separate blocks of time for a single qualifying reason. 29 C.F.R. § 825.203(a).

### A. Request for Intermittent FMLA Leave

█ Adams contends that Honda should not have terminated her because her December 2000 request for FMLA leave, with its mention of a potential need for leaves of absence in the upcoming four months, entitled her to intermittent FMLA leave, and her unapproved leave of absence in April was merely part of this intermittent FMLA leave. Honda concedes that Adams met FMLA-eligibility requirements for *continuous* leave in December 2000 but disputes that she properly requested *intermittent* FMLA leave.

Adams could have invoked the protections of intermittent FMLA leave in one of two ways: she could have directly requested such leave according to the statutory requirements, or she could have provided Honda sufficient notice of FMLA-qualifying circumstances so as to oblige Honda to inquire further into whether her situation fell within the ambit of the FMLA, 29 C.F.R. § 825.303(b). *See also Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 724—25 (6th Cir.2003); *Willard v. Ingram Constr. Co., Inc.*, No. 98–6261, 194 F.3d 1315, 1999 WL 801580, *2, 1999 U.S.App. LEXIS 24313, *5 (6th Cir. Sept. 28, 1999).

The record reflects that Adams failed to counter Honda's summary judgment motion with evidence demonstrating that her December 2000 Certification form constituted a direct request for intermittent FMLA leave sufficient under the statutory requirements. As for whether Adams presented sufficient information for Honda to reasonably conclude that the FMLA compelled approval of her absences from December to April relating to the same, qualifying medical condition, we look to *Cavin*, at 724—25. In *Cavin*, this court found, based on Cavin's affidavit, that Cavin provided sufficient information for Honda to reasonably conclude that the FMLA covered his absence because he did not merely tell Honda that "he was involved in a motorcycle accident, but rather ... he told Honda he was unable to perform his job because of his injury." 346 F.3d at 725.

Unlike in *Cavin*, Adams submitted in response to Honda's summary judgment motion a sparse affidavit averring only that "[t]o the best of my knowledge, I was granted FMLA qualified leave for the leave addressed by the [Certification form]." Her affidavit lacks the evidence required under *Cavin* because it neither shows that Adams requested intermittent

leave nor explains the steps she took to request leave, either of which could have created a question of fact or, at the very least, established the need for further discovery before the district court ruled on Honda's summary judgment motion. Given the lack of evidence, we are left to conclude that Adams presented no information that would allow Honda to reasonably determine that an FMLA event occurred.

Thus, Adams's unsupported, after-the-fact assertion that Honda should have considered her absences after December as intermittent FMLA leave fails to raise an issue of fact as to whether her circumstances triggered the protection afforded by the FMLA. *See, e.g., Barron v. Runyon,* No. 99–1027, 205 F.3d 1332, 2000 WL 227913, *3, 2000 U.S.App. LEXIS 2887, *9—10 (4th Cir. Feb. 28, 2000) (holding that an employee who requested and received a one-week period of FMLA leave to care for his wife, but did not present other documentation to explain his need for additional leave or show that he had requested intermittent leave, did not meet FMLA requirements for his later absence). We note also that Adams offered no evidence that her absences related to the same FMLA-recognized medical condition that caused her December leave of absence, as is required to qualify for intermittent leave. 29 C.F.R. § 825.203(a).

B. April 2001 Request for FMLA Leave

■ Alternatively, Adams argues that her April 2001 request for FMLA leave excused her absence that month. We conclude that Honda properly denied this request for FMLA leave. The unrefuted evidence established that Adams did not work the 1,250 hours required of an eligible employee during the prior twelve-month period. Because Adams did not meet the eligibility requirements in April when she sought FMLA leave, she could not invoke FMLA protection for that absence.

## CONCLUSION

Because Adams has not established a genuine issue of material fact as to whether she properly requested, or qualified for, intermittent FMLA leave, we affirm the district court's grant of summary judgment and its concurrent dismissal of her pendent state law claims.